## CIRCUIT COURT OF ESSEX COUNTY

Progressive Gulf
Insurance Co.

v.

Universal Underwriters
Group et al.

February 26, 2002

Case No. CL-1798

BY JUDGE HARRY T. TALIAFERRO, III

This declaratory judgment action comes before the Court seeking a declaration as to insurance coverage applicable to the personal injury claim which is the basis for the separate civil suit of Raymond D. Edwards v. Claudia F. McGahagin, also pending before this Court.

The underlying facts of this case are that, on March 26, 1995, in Essex County, Claudia F. McGahagin, with the permission of her employer, was driving an automobile owned by her employer when it was involved in a collision with an automobile owned and operated by Raymond D. Edwards. Mr. Edwards was insured by an automobile liability insurance policy issued by Progressive Gulf Insurance Company. Ms. McGahagin was also insured through Progressive, but, at the time, her automobile was in her boyfriend's garage and was in need of repair. Ms. McGahagin's employer, Urbanna Auto Marina Sales, Inc., was at the time insured by a policy issued by Universal Underwriters Group. Although numerous issues of insurance coverage have been raised, the Court has been requested to determine the sole question of whether the Universal policy issued to Urbanna Auto provided coverage in the case of *Edwards v. McGahagin* and, if not, whether Universal was estopped from denying coverage because the company did not issue its so called reservation of rights letter (which included the right to deny coverage) until October 11, 1999, just three days prior to the scheduled trial of *Edwards v. McGahagin*.

Following receipt of the October 11, 1999, letter, the case was continued, and Progressive was given notice by Mr. Edwards of an underinsurance claim. On April 21, 2000, Progressive filed a motion for declaratory judgment seeking a determination that Universal is required to defend and indemnify Ms. McGahagin in the Edwards lawsuit.

Most of the facts are not disputed. The parties agreed that the Court could make factual determination based on the transcripts of depositions of Ms. McGahagin, Mr. Hight, and Mr. Tanner. The Court heard oral argument from all parties on January 14, 2002, at which time it also received briefs from Progressive, Universal, and Edwards together with copies of supporting authorities. Since the parties had not had an opportunity to review one another's briefs, the Court gave each party ten days in which to file supplemental briefs with supporting authority. The Court has considered the oral arguments, the briefs, and authorities and has reviewed each of the applicable insurance policies.

It is the finding of this Court that Universal is obligated to provide coverage under the terms of its policy with Urbanna Auto Marina Sales, Inc. Ms. McGahagin was a permissive user of her employer's automobile at the time of the accident. She had the car on Sunday because, as an accommodation to her employer, she had the day before used the car to deliver an auto part after the business had closed for the day. Her use of the automobile on Sunday in the context of the facts of this case did not place such use within the scope of activities or exceptions set forth in Va. Code § 38.2-2205 which would have permitted Universal to deny coverage which, by the agreement of all parties, must otherwise be provided to permissive users under the provisions of Va. Code § 38.2-2204.

Having determined that Universal most provide coverage, there is no necessity to consider whether Universal was estopped from denying coverage by delivering its reservation of right letter only three days before the scheduled trial.

It is the understanding of the Court that the issues of Universal's insurance coverage and estoppel to deny coverage were the only two issues on which the parties sought a ruling when the hearing was held on January 14, 2002.